## ORSON REED *versus* LORING BARTLETT *et al.*

Where, under an agreement between a debtor and his creditor, the debtor procured
a conveyance to the creditor from a third person of all his title to land specified in
the deed, and the creditor accepted the same as a payment in full, but it subse-
quently appeared, that the grantor had no title to any such land, it was *held*, that,
in the absence of fraud on the part of the debtor, the claim of the creditor upon
him was discharged.

ASSUMPSIT. At the trial, before *Shaw* C. J., the defend-
ants relied upon a settlement made on the 29th of October,
1833, as a defence, and produced in evidence a receipt of that
date for the sum of $ 5·00, given to them by the plaintiff, in
full of all demands. A similar receipt of the same date was
given by the defendants to the plaintiff.

The plaintiff, in order to avoid the effect of this settlement,
introduced evidence that the consideration of his receipt was
the conveyance to him of a tract of land containing one hun-
dred acres, in Pennsylvania, for which he was to pay the sum
of $ 280 ; and that in June 1833, the defendants procured of
one Holley and his wife, a deed purporting to convey to the
plaintiff, in consideration of the sum of $ 250, acknowledged
by the grantors to have been received by them, all their right,
title and interest, in and to a tract of one hundred acres of land
in Pennsylvania, designated as a tract originally entered in the
name of James Moore, with covenants of seisin and warranty.

It appeared that this deed was accepted by the plaintiff ; and
that no claim had been made by him on Holley. It was con-
ceded that this deed was the consideration upon which the
plaintiff's receipt was given.

The plaintiff offered evidence to show, that there was no
such land as that which the deed purported to convey, and
that nothing passed thereby ; and contended, that as the terms
of the warranty extended only to the grantor's right, title and
interest in the land, the covenants were inoperative and afford-
ed no remedy.

There being no proof that any fraud was practised by the
defendants, in the transaction, or that they knew of any defect
in the title to the land, this evidence was rejected as having no
tendency to prove the plaintiff's receipt to be void.

*Reed.*
*v.*
*Bartlett.*

*Sept. 19th.*

The plaintiff thereupon became nonsuit, subject to the opinion of the Court.

*Sumner* and *Ensign,* for the plaintiff, cited *Spring* v. *Coffin,* 10 Mass. R. 31 ; *Woodward* v. *Cowing,* 13 Mass. R. 216 ; *Shearer* v. *Fowler,* 7 Mass. R. 31 ; Sugden on Vendors, 206 ; *Mowatt* v. *Wright,* 1 Wendell, 355 ; *Griggs* v. *Austin,* 3 Pick. 20.

*Barnard* and *Hall,* for the defendants, cited *Bree* v. *Holbech,* 2 Dougl. 655 ; *Boyd* v. *Bopst,* 2 Dallas, 91 ; *Oldfield* v. *Round,* 5 Ves. 508 ; *Sherwood* v. *Salmon,* 2 Day, 128 ; *Dyer* v. *Hargrave,* 10 Ves. 507 ; *Baglehole* v. *Walters,* 3 Campb. 154 ; *Pickering* v. *Dowson,* 4 Taunt. 784.

*Sept. 22d.*

WILDE J. * The chief justice, who presided at the trial, was of opinion, that the evidence offered by the plaintiff did not affect the validity of the settlement and the receipt, and the evidence was accordingly excluded. And we are all of opinion, that this decision was correct. The plaintiff's only remedy, if he has any, is against Holley. And it would seem, that upon the facts reported, he would be liable to repay to the plaintiff the consideration money acknowledged by him to have been received. For although he is not liable on his covenants, he may be liable to repay the money he has received without consideration. But however this may be, it seems quite clear that the defendants are not liable for any defect of Holley's title. They procured from him, in good faith, a deed of the land, according to their agreement with the plaintiff, and paid therefor, according to the evidence, the sum of $ 250. That sum is acknowledged to have been received by Holley ; and this is good *primâ facie* evidence that it was actually paid. But whether it was paid or not, we are of opinion, that the defendants are in no respect liable. In regard to the plaintiff's claim on them the maxim, *caveat emptor,* applies with great weight.

*Motion to set aside the nonsuit overruled.*

---

* *Dewey* J. did not sit in this cause.